# UNITED STATES EX REL. SOUTHWICK *v.* FISHER.

MANDAMUS; DEMURRER; HOMESTEAD ENTRY; REINSTATEMENT.

1. A relator seeking by mandamus to compel the Secretary of the Interior to grant a hearing upon her application for the reinstatement of a homestead entry is without standing in court, where she has demurred generally to the respondent's answer and thereby admitted its averments that she had a hearing, upon which it was adjudged that she had no right to have her entry reinstated.

2. A decision by the Secretary of the Interior as to whether an application for the reinstatement of a homestead entry meets fully the requirements of the statute, involves an exercise of discretion and judgment which cannot be controlled by mandamus. (Citing *Fisher* v. *United States,* 37 App. D. C. 436; *United States ex rel. McKenzie* v. *Fisher,* ante, 7.)

No. 2435.    Submitted October 8, 1912.    Decided February 3, 1913.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia dismissing a petition for a writ of mandamus to compel respondent to grant a hearing upon relator's application for the reinstatement of a homestead entry.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Relator, Edith G. Southwick, filed a petition in the supreme

court of the District of Columbia praying for a writ of mandamus to compel respondent, Walter L. Fisher, as Secretary of the Interior of the United States, to consider and determine the right of relator to certain land entered by her under the public land laws of the United States "upon the record of the case now before the Department and in conformity with the requirements of the act of March 4, 1911."

Relator alleges that she duly filed her application to enter said land under the homestead laws of the United States March 22, 1900; that she submitted her final proofs September 20, 1904, that one Charles W. Lovegren initiated a contest against her entry November 3, 1906, which was sustained, and her entry was held for cancelation; that relator's entry was reinstated and the order of cancelation revoked March 10, 1910; that the entry was again canceled of record by the Secretary of the Interior July 22, 1910; that before this order of cancelation was made the President of the United States issued an executive order dated July 13, 1910, withdrawing this land, together with other lands, from entry, sale, or other disposition, with the following proviso: "Provided, further, that there shall be excepted from the force and effect of this order of withdrawal all lands which are on this date embraced in any lawful homestead entry heretofore made or upon which any valid settlement has been made and is at such date being maintained and perfected pursuant to law;" that, by order of the Commissioner of the General Land Office, Lovegren was permitted to enter the land December 20, 1910, said order being based upon the fact that Lovegren was alleged to have settled upon the land in the previous April, and, therefore, had initiated a valid settlement which brought him within the exception to the executive order.

Relator bases her right upon the act of Congress of March 4, 1911 (36 Stat. at L. 1356, chap. 272), which is as follows: "That all pending homestead entries heretofore made within the former Siletz Indian Reservation in Oregon, upon which proofs were made prior to December 31, 1906, shall be passed to patent in all cases where it shall appear to the satisfaction

of the Secretary of the Interior that the entry was made for the exclusive use and benefit of the entryman, and that the entryman built a house on the land entered and otherwise improved the same, and actually entered into the occupation thereof and cultivated a portion of said land for the period required by law, and that no part of the land entered has been sold or conveyed, or contracted to be sold or conveyed, by the entryman; and where no contest or other adverse proceeding was commenced against the entry, and notice thereof served upon the entryman, prior to the date of submission of proof thereon, or within two years thereafter; and, where any such entry has heretofore been canceled, the same may be reinstated upon application filed within six months from the passage of this act, where at the date of the filing of such application for reinstatement no other entry is of record covering such land."

Respondent answered, alleging the general power vested in him relating to the purchase, sale, care, and disposition of the public lands of the United States, and averred "that in the exercise of his jurisdiction as aforesaid, and after due notice and opportunity to be heard on the part of the relator, when the matter was brought before your respondent for examination, consideration, and determination in the due and regular course of business, respondent decided, upon the record made, that at the time of relator's application made under and pursuant to the provisions of the act of March 4, 1911, as averred in paragraph 4 of the petition herein filed, there was another entry, that is to say, the entry made by Charles W. Lovegren, as set forth in said petition, lawfully made and lawfully of record, covering the land described in said petition; and that relator had no right to said land upon the record of the case, under the provisions of the act of March 4, 1911, aforesaid, or under any law of the United States."

To the answer relator demurred generally. On hearing the demurrer was overruled, and, relator refusing to further plead, judgment was entered for respondent, from which this appeal was taken.

*Mr. Webster Ballinger* for the appellant.

*Mr. Charles W. Cobb,* Assistant Attorney General, and *Mr. F. W. Clements,* and *Mr. C. Edward Wright* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Relator is seeking the right to compel the respondent to grant her a hearing upon the case as it now stands in the Department, when, by her demurrer to the answer, she admitted that she had a hearing, upon which it was adjudged that she had no right to have her entry reinstated. Even if this were a case where the court had jurisdiction to review the action of the Secretary, relator would be without standing, in view of the admissions of the demurrer. But a more serious objection is presented. Under the act of Congress, the Secretary of the Interior, as to the lands embraced within the act, is authorized to reinstate an entry only when it appears that certain conditions exist. The duty is imposed upon him by law of judging and determining whether an application for reinstatement meets fully the requirements of the statute. Such an exercise of discretion and judgment by an executive officer of the government cannot be controlled by mandamus. *Fisher* v. *United States,* 37 App. D. C. 436; *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356; *United States ex rel. McKenzie* v. *Fisher,* ante, p. 7.

The judgment is affirmed, with costs.          *Affirmed.*